# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 6:16-CR-03041-MDH |
| JOHN MICHAEL BRADLEY, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 47). The Magistrate Judge recommends that Defendant be found competent to stand trial. The Defendant has filed exceptions to the report and recommendation (Doc. 52), and the matter is ripe for review.

On November 22, 2017, the Court found the Defendant incompetent to stand trial and committed him to the custody of the Attorney General for hospitalization pursuant to 18 U.S.C. § 4241(d). (Doc. 37). The finding was based on the Magistrate Judge's report and recommendation (Doc. 35), which was itself informed by the August 21, 2017, report of Dr. Adam Andreassen, Psy.D., who diagnosed Defendant with "paranoid and delusional beliefs" that caused "problems with reality testing" that rendered him unable to "rationally consider his options and effectively assist counsel on his own behalf." (Doc. 30-2).

Dr. Ashley Christiansen, Ph.D., evaluated Defendant between January 2018 and May 2018. On July 17, 2018, she filed a report diagnosing Defendant with narcissistic personality disorder, conversion disorder, and major depressive disorder. (Doc. 40 at 34-35). However, Dr. Christiansen declined to make a diagnosis of neurocognitive disorder, psychotic disorder, or post-traumatic

stress disorder. *Id.* at 36. Crucially, she found that although Defendant will sometimes make statements that appear delusional or psychotic in nature, he admitted he does not actually believe these statements and makes them for "reality-based reasons. . . " *Id.* at 35. Dr. Christiansen opined that Defendant's behavior was symptomatic of a personality disorder. *Id.* Personality disorders are not generally considered a mental disease of the type that renders a person incompetent to stand trial. *Id.* at 38. Dr. Christiansen made a further finding that Defendant displayed an adequate understanding of the charges against him and an adequate ability to consult with counsel in his defense. *Id.* at 40-41. Altogether, she advised that the Defendant was competent to stand trial. Based on her report, which was the only evidence in the record, the Magistrate Judge recommended the same.

Defendant in his exceptions does not present any new evidence. Instead, he argues that nothing in Dr. Christiansen's report, which found Defendant competent to stand trial, should be used to repudiate the contents of Dr. Andreassen's report, which found the opposite. Defendant characterizes Dr. Andreassen's report as presenting "more objective evidence" than Dr. Christiansen's, but does not explain why that is. Finally, Defendant's counsel represents that Defendant has been unable to assist in his defense, although again he does not elaborate further.

After carefully considering the record in this case, the Court agrees with and will adopt the recommendation of the Magistrate Judge. Dr. Christiansen and Dr. Andreassen's reports both appear to be based on "objective evidence," but Dr. Christiansen's report has the advantage of being based on more voluminous and more recent observations of Defendant. Dr. Christiansen's report also benefits from an increased level of engagement from Defendant. The Court finds that a preponderance of evidence supports the finding of the Magistrate Judge. Consequently, the Court

hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and finds that Defendant is competent to stand trial.

    **IT IS SO ORDERED**.


DATED: March 12, 2018

                                _/s/ Douglas Harpool_
                                **DOUGLAS HARPOOL**
                                **UNITED STATES DISTRICT JUDGE**